KAREN L., by her mother Jane L., and Grisel Hernandez, individually and on behalf of all other persons similarly situated, Plaintiffs–Appellants,

K.P., by and through their mother D.P., and A.M., by and through their mother C.D., Intervenors–Plaintiffs–Appellants,

v.

HEALTH NET OF THE NORTHEAST, INC. f/k/a Physicians Health Services, Inc., Patricia Wilson–Coker, Commissioner, State of Connecticut Department of Social Services, Defendant–Intervenors–Defendants–Appellees,

Pro Behavioral Health, Inc., Third–Party–Defendant,

State of Connecticut, Steven Kant, M.D., Child Advocate, Jeanne Milstein and State of Connecticut, Movants.

No. 03–7656.

United States Court of Appeals, Second Circuit.

Oct. 24, 2003.

Shelley A. White, New Haven Legal Assistance Assoc., Inc., New Haven, CT (Sheldon V. Toubman, Randi Mezzy, on the brief), for Plaintiffs–Appellants.

Theodore J. Tucci, Robinson & Cole, LLP, Hartford, CT (Bradford S. Babbitt, Michael J. Kolosky, on the brief) (for Health Net of the Northeast), Christopher N. Sipes, Covington & Burling, Washington, DC (S. William Livingston, Jr., on the brief) (for Patricia Wilson–Coker), for Defendants–Appellees.

PRESENT: VAN GRAAFEILAND, BD. PARKER, Circuit Judges, and BERMAN, District Judge.

## SUMMARY ORDER

Appellants Karen L. and Grisel Hernandez appeal from a judgment of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*) denying their application for a preliminary injunction. Appellants are Connecticut recipients of Medicaid benefits including on-going prescription drug benefits, or maintenance medications, and are enrolled in Connecticut's Medicaid program through Health Net of the Northeast, a managed care organization ("MCO"). They sued Health Net and the State of Connecticut, on behalf of themselves and a class of approximately 77,000 other Health Net Medicaid recipients, on a variety of claims including a claim under 42 U.S.C. § 1983 that by changing the procedures under which Medicaid recipients obtained prescription drugs, Health Net violated the federal Medicaid Act, 42 U.S.C. § 1396a(a)(3), and various Medicaid regulations, 42 C.F.R. §§ 431.211, 438.404(c), 438.420.

In October 2002, Health Net reclassified 105 medications from "formulary" drugs to "non-formulary" drugs under its Medicaid prescription drug plan. This change effectively meant that any new prescriptions for these drugs, as well as any refills for existing prescriptions, would need to be authorized by Health Net as "medically necessary" before being dispensed by the pharmacy to the patient and paid for by Health Net. At least thirty days before the effective date of the change, Health Net wrote each patient on a maintenance medication that would be switched to the non-formulary list, as well as their physicians and pharmacists, explaining the change and encouraging patients and physicians to notify Health Net if the drug was medically necessary.

Shortly after the effective date of the new policy, appellants moved for a preliminary injunction seeking to enjoin Health Net from terminating payment for any refill prescriptions of newly classified non-formulary medications without advance notice and pre-deprivation opportunity for a hearing. The District Court denied the motion. The District Court found that appellants failed to meet their burden to show irreparable harm because "[t]here is no evidence that any Medicaid recipient is being denied access to needed medications or that any recipient is threatened with such a denial. There is no evidence of any threatened or imminent harm." *Karen L. v. Health Net*, 267 F.Supp.2d 184, 191 (S.D.N.Y.2003). The District Court also found that appellants had failed to demonstrate a likelihood of success on the merits, concluding that, while Health Net had sent some improper Notices of Action, it had taken appropriate corrective actions and that there was no evidence the errors were resulting in ongoing harm. *Id.* at 192. We affirm.

We review the District Court's denial of a preliminary injunction for abuse of discretion. *Kamerling v. Massanari*, 295

F.3d 206, 214 (2d Cir.2002). Abuse of discretion exists when the lower court's decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or when the decision cannot be located within the range of permissible decisions. *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001).

Finding no abuse of discretion, we affirm for substantially the same reasons stated by the District Court.